W. SHARP, Judge.
Bouchette petitions this court for the issuance of a writ of habeas corpus in order to obtain a belated appeal. He alleges that after his conviction in a criminal case he moved to dismiss his defense attorney and represented himself at the sentencing. He orally requested an appeal, but failed to file a timely notice of appeal. Under the circumstances of this case, we think Bouchette was likely confused about how to perfect his appeal, and thus he is entitled to the remedy he seeks.
At the sentencing hearing, the trial judge told Bouchette that he had thirty days in which to appeal. Thereafter, the court said if he decided to appeal and if he could not afford a lawyer for the appeal the court would appoint one to represent him. Bou-chette said: ‘Tes, sir, I’d like to appeal this.” •The court replied, “All right. The Public Defender will be appointed for the purposes of the appeal. If the Clerk’s office or the Public Defender’s office would send that to me.”
So ended the discussion concerning the appeal. From this it appears Bouchette *135 could reasonably have concluded he need take no further action within thirty days to obtain his appeal; ie., file a notice of appeal. The state is correct that even if the public defender had been appointed at sentencing, Bouchette should have filed his own notice of appeal since he represented himself at sentencing. See Fla. R.Crim. P. 3.111(e) (It is trial counsel’s duty to file the notice of appeal, if requested.) However, under the circumstances of this case, a person uneducated in the law as Bouchette was, could reasonably have concluded that by immediately indicating his desire to appeal and having had the court instantly act on it by appointing the Public Defender, there was nothing more that he needed to do.
Petition for Writ of Habeas Corpus GRANTED.
ANTOON, J., concurs.
COBB, J., dissents with opinion.